OPINION
Defendant-appellant, Christopher Stallworth, appeals an adjudication of the Butler County Juvenile Court, finding him delinquent for committing acts that constituted the crime of aggravated robbery.
A hearing on the delinquency charges was held on September 25, 2000. The victim and appellant presented differing accounts of the events that led to the charges. The victim, Anthony Campbell, testified that on August 17, 2000 a young man knocked on his door, said his car had broken down and asked to use the phone. As Campbell went to get the phone, the man pushed his way into the house, began fighting with Campbell, and pulled a gun. Shortly after the first man entered, three other men, one of them the appellant, ran into Campbell's house. All four men fought Campbell as they went back and forth searching the house.
Campbell testified that appellant grabbed his arm, tried to restrain him and slammed punches into his back. He also testified that all four had guns and that appellant displayed a dark colored weapon which appeared to be an automatic. Campbell was taken to the hospital and treated for his injuries which included head injuries, bruises and a back injury. When he returned home, he noticed that approximately $500 in cash was missing, along with some jewelry.
Appellant's version of the story differed greatly from the victim's testimony. Appellant testified that he and three companions drove to Campbell's house to buy marijuana. One of the individuals in the car went to the door of the house and spoke with Campbell, but came back to the car because he didn't have enough money to purchase the drugs. The driver then opened the hood of the car, and another passenger went to the front door and asked to use the phone. Appellant saw the second passenger then enter the house, followed by the driver and the first passenger. Appellant testified that he remained by the car and did not enter the house. After ten to twenty minutes, the three people came running out of the house with bags of marijuana, a scale and two weapons.
Based on the testimony, the trial court found that appellant had committed acts which, if committed by an adult, would constitute aggravated robbery pursuant to R.C. 2911.01 (A)(2, 3) and adjudicated appellant a delinquent child. Appellant appeals the trial court's delinquency adjudication and raises the following single assignment of error:
 THE TRIAL COURT'S FINDING THAT THE DEFENDANT WAS DELINQUENT IS NOT SUPPORTED BY EVIDENCE BEYOND A REASONABLE DOUBT.
The wording of appellant's assignment of error and the phrasing of his argument make it unclear whether his challenge relates to the weight or sufficiency of the evidence. We find that neither argument has merit.
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
R.C. 2911.01 defines the offense of aggravated robbery as:
 No person, in attempting or committing a theft offense * * * or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 (2) Have a dangerous ordnance on or about the offender's person or under the offender's control.
 (3) Inflict, or attempt to inflict, serious physical harm on another.
There is sufficient evidence to support a finding beyond a reasonable doubt that appellant committed all of the elements of the offense of aggravated robbery. There was testimony that appellant entered Campbell's house with a weapon and beat him, and that several items were taken from the home. There are facts to support a finding that appellant both attempted to inflict serious physical harm on the victim and that he had a dangerous ordnance on his person while committing a theft offense.
Appellant argues that the only evidence that he was in Campbell's house was the testimony of Campbell himself. This argument goes to the issue of the manifest weight of the evidence. An appellate court will not reverse a judgment as against the manifest weight of the evidence in a bench trial where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eskridge (1988), 38 Ohio St.3d 56, 59. The standard for reversal for manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
Appellant argues that no physical evidence links him to the crime and that the only evidence against him was the testimony of Campbell, whose version of the incident was different from appellant's. Appellant also contends that his trial counsel was not permitted to test the credibility of Campbell's statements by exploring the possibility that there was a drug transaction involved in the incident. Appellant's counsel was permitted to ask Campbell if he had ever used marijuana and if he sold marijuana. Campbell replied that he had used the drug before, but did not sell it. Objections to questions about Campbell's current drug use, and repeated questions about whether he had sold drugs were sustained. The trial court overruled defense counsel's request for Campbell to answer the questions and defense counsel's request that the court not allow Campbell to invoke his fifth amendment rights. On appeal, appellant argues that disallowing these questions denied him the right to cross-examine Campbell on the issue of credibility.
However, the trial court stated that whether the events of that day consisted of a robbery of money and jewelry or whether they consisted of a robbery after a bad drug deal, either version produced facts to support a finding that appellant committed aggravated robbery. The trial court found that even if appellant's story about purchasing drugs was true, he did not find appellant's testimony that he stayed by the car while the others were in the house credible. The trial court continued by stating that it did not matter whether the items stolen were jewelry and cash or drugs.
Based on the evidence presented, there was substantial evidence from which the trial court could find beyond a reasonable doubt that appellant committed the crime of aggravated robbery. The trial court's decision was not against the manifest weight of the evidence.
 JUDGMENT ENTRY
The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Butler County Court of Common Pleas, Juvenile Division, for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
VALEN and WALSH, JJ., concur.
 __________________________________ William W. Young, Presiding Judge